UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. ____1:20-mj-03476-AOR____

UNITED STATES OF AMERICA

v.

JAMAL ISAAC GARRO MOLINA, et al.

               **Defendants.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?     ___ Yes  ✓ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?     ___ Yes  ✓ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?     ___ Yes  ✓ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY:  *Yvonne Rodriguez-Schack*
YVONNE RODRIGUEZ-SCHACK
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.   794686
99 N.E. 4th Street
Miami, Florida 33132
Tel:      305.961.9014
Fax:      305.536.7213
Email:    Yvonne.Rodriguez-Schack@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JAMAL ISAAC GARRO MOLINA,<br>SILVIO ARBOLEDA and<br>DARWIN PERLAZA HURTADO,<br><br>*Defendant(s)* | )<br>)<br>) Case No. 1:20-mj-03476-AOR<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about ___August 4, 2020___, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b).<br><br>Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine.<br><br>Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(G), it is further alleged that this violation involved one-thousand (1,000) or more kilograms of a mixture and substance containing a detectable amount of marihuana. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

DEA SA Robert Lukens
*Printed name and title*

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime this 16th day of June, 2020.

Date: 08/26/2020

*Judge's signature*

City and state: Miami, Florida

Alicia Otazo-Reyes, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Robert Lukens, being first duly sworn, do depose and states:

1. I am a Special Agent with the Drug Enforcement Administration (DEA), United States Department of Justice, and have been so employed since 2002. I am presently assigned to the Miami Field Division where I conduct narcotics distribution and narcotics smuggling investigations. As a special agent with the DEA, I have participated in numerous narcotics investigations involving physical and electronic surveillance; execution of search and arrest warrants; the control and administration of confidential sources; international drug importations; and domestic drug distribution organizations. I have participated in the arrest and subsequent prosecution of numerous drug traffickers. I also have spoken on numerous occasions with informants, suspects, and experienced narcotics investigators concerning the manner, means, methods, and practices that drug traffickers use to further the operation of their drug trafficking organizations and the most effective methods of investigating and dismantling drug trafficking organizations.

2. This Affidavit is submitted for the limited purposes of establishing probable cause in support of a Criminal Complaint against JAMAL ISAAC GARRO MOLINA, SILVIO ARBOLEDA, and DARWIN PERLAZA HURTADO for knowingly and willfully conspiring to possess with intent to distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of cocaine and marihuana, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b). As such, this Affidavit does not contain the details of every aspect of this investigation. Furthermore, this Affidavit is based on my personal knowledge, as well as, information obtained from other law enforcement personnel.

3. On August 4, 2020, a Marine Patrol Aircraft (MPA), while on patrol in the Eastern Pacific, detected a go-fast vessel (GFV), approximately 100 nautical miles (NM) north of Isla de Malpelo, Colombia, in international waters and upon the high seas. The MPA crew observed that the GFV had fuel barrels and numerous bales of suspected contraband visible on the deck. The United States (US) Navy Destroyers USS NITZE and USS KIDD diverted to intercept the GFV. The USS NITZE and USS KIDD each launched helicopters to assist. Use of force was authorized for the helicopter crew of the USS NITZE. The NITZE's helicopter arrived on scene, activated its law enforcement lights and hailed the GFV, both over radio and through a loudspeaker, to stop, however, the GFV did not comply. The NITZE's helicopter then employed warning shots, which were ineffective, followed by disabling fire. The GFV came to a stop. The crew of the GFV then jettisoned small electronics.

4. The USS NITZE launched their small boat with a United States Law Enforcement Detachment to investigate. The GFV had three individuals on board who were later identified as JAMAL ISAAC GARRO MOLINA, SILVIO ARBOLEDA, and DARWIN PERLAZA HURTADO. GARRO MOLINA identified himself as the master and made a claim of Costa Rican nationality for himself and the vessel. The United States contacted the Government of Costa Rica who advised that they could neither confirm nor deny the nationality of the vessel. Based on the Government of Costa Rica's response, the vessel was treated as a vessel without nationality and, therefore, subject to the jurisdiction of the United States. A full law enforcement boarding was conducted.

5. The USCG recovered a total of 725 kilograms of suspected cocaine and 1,450 kilograms of suspected marihuana. Field tests were conducted on the suspected contraband which

yielded positive for cocaine and marihuana respectively. All three individuals, along with the controlled substances, were transferred to the USS NITZW and subsequently to a USCG Cutter.

6. On August 26, 2020, JAMAL ISAAC GARRO MOLINA, SILVIO ARBOLEDA, and DARWIN PERLAZA HURTADO were transported to the United States, in the Southern District of Florida, were custody of them was turned over to federal law enforcement officers.

7. Based on the foregoing facts, I submit that probable cause exists to believe that the defendants, JAMAL ISAAC GARRO MOLINA, SILVIO ARBOLEDA, and DARWIN PERLAZA HURTADO, while on board a vessel subject to the jurisdiction of the United States, did knowingly and willfully conspire to possess with intent to distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of cocaine and marihuana, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

ROBERT LUKENS
Special Agent
Drug Enforcement Administration

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime this 26th day of August, 2020.

ALICIA OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

3